United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WHQ2, § § § § § § § Plaintiff, § § v. § § LIONEL GARCIA ROMERO, § § Defendant. § | | Civil Action No. 4:20-cv-2905 |

## DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein Plaintiff Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ2 ("Plaintiff"), is the Plaintiff and Lionel Garcia Romero ("Defendant") is the Defendant. Despite having been duly and legally summoned to appear and answer, Defendant failed to appear and answer, and wholly made default on Plaintiff's claims against her.

### I.

Plaintiff's *Original Complaint* ("Complaint") was served upon the Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant. The Court further finds that Plaintiff does not seek monetary damages against the Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action.

## II.

In light of the Defendant's default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendant Lionel Garcia Romero. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Note (Cash Out – Fixed Rate – First Lien)*, executed on or about January 24, 2005 by Hilda Garcia and Lionel Garcia Romero, in the principal amount of $92,000.00 and payable to Argent Mortgage Company, LLC (hereinafter "Note"), bearing interest at the rate of 8.9000% per annum. It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Texas Home Equity Security Instrument (First Lien)* dated January 24, 2005, signed by Hilda Garcia and Lionel Garcia Romero, and recorded in the official public records of Harris County, Texas, as Document No. Y243935 on February 7, 2005 (hereafter "Security Instrument"), provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 718 Saint Edwards Green, Houston, Texas 77015, and more particularly described as follows:

> LOT 84, IN BLOCK 1, OF RIVIERA EAST, SECTION 4, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 294, PAGE 68 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the mortgagee of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and Texas Property Code § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against the Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded attorney's fees in the amount of $4,296.77 and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). Attorney's fees are awarded as a as an additional debt secured by the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that this is a final judgment and any relief not awarded herein is DENIED.

Signed this **22** day of **Jan** 2021.

**HON. DAVID HITTNER**
**UNITED STATES DISTRICT JUDGE**